IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEAN McCARTER, DENNIS McCARTER,
MARJORIE CZECHOWICZ, THOMAS W.
CZECHOWICZ, JAMES J. MUCK, SHERRY
MUCK, WAYNE C. DUDDLESTON, and
JEAN DUDDLESTON, on behalf of themselves
and all others similarly situated,

                      Plaintiffs,

    v.

RETIREMENT PLAN FOR THE DISTRICT
MANAGERS OF THE AMERICAN FAMILY
INSURANCE GROUP, RETIREMENT PLAN
FOR EMPLOYEES OF AMERICAN FAMILY
INSURANCE GROUP and AMERICAN
FAMILY MUTUAL INSURANCE GROUP,

                      Defendants.

ORDER

3:07-cv-00206-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on November 16, 2007, I granted defendants' motion for summary judgment after finding that plaintiffs had not established that they had standing to bring their claim that they were coerced by defendants into giving up rights under ERISA. In the same order, I held that defendants were entitled to an award of attorney fees in an amount to be determined and set a deadline for the submission of an itemized statement of

1

the fees. Because the amount of fees was unresolved, I did not enter a judgment in favor of defendants at that time. On December 4, defendants submitted their fee request. Plaintiffs had until December 18 to file their objections.

Although plaintiffs filed timely objections, they took two other actions as well. On December 17, 2007, plaintiffs filed a notice of appeal of the November 16 order, even though no judgment had been entered. In the notice, plaintiffs stated that they were appealing each of the issues decided against them in the November 16 order, including the decision that defendants were entitled to attorney fees. Several days *after* plaintiffs filed their notice of appeal, they filed a motion for reconsideration on the decision to award defendants attorney fees.

By filing a notice of appeal before filing their motion for reconsideration, plaintiffs have deprived this court of the authority to decide their motion. The filing of an appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. Apostol v. Gallion, 870 F.2d 1335, 1337 (7th Cir. 1989). Because plaintiffs' notice of appeal encompasses the issue of attorney fees, this court does not have jurisdiction to decide their motion for reconsideration while their appeal is pending.

It may be that the court of appeals will remand the case to this court because plaintiffs filed their appeal before a judgment was entered. Sims v. EGA Products, Inc., 475 F.3d 865 (7th Cir. 2007) ("Orders are not final unless they leave nothing for the district

2

court to do.")  However, only the court of appeals can determine whether an appeal was filed appropriately.  Accordingly, I may not rule on plaintiffs' motion for reconsideration at this time.  A decision on plaintiffs' motion for reconsideration and defendants' request for fees is STAYED pending resolution of plaintiffs' appeal.

Entered this 24th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge