IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEAN McCARTER, DENNIS McCARTER,
MARJORIE CZECHOWICZ, THOMAS W.
CZECHOWICZ, JAMES J. MUCK, SHERRY
MUCK, WAYNE C. DUDDLESTON, and
JEAN DUDDLESTON, on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

        v.

RETIREMENT PLAN FOR THE DISTRICT
MANAGERS OF THE AMERICAN FAMILY
INSURANCE GROUP, RETIREMENT PLAN
FOR EMPLOYEES OF AMERICAN FAMILY
INSURANCE GROUP and AMERICAN
FAMILY MUTUAL INSURANCE GROUP,

                              Defendants.

OPINION AND ORDER

3:07-cv-00206-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed class action for declaratory, injunctive and monetary relief, plaintiffs contended that defendants Retirement Plan and American Family Mutual Insurance Group violated the Employee Retirement Income Security Act, §§ 1001-1461, by imposing a significant detriment on their choice of retirement plans. In an order entered on November 16, 2007, I granted defendants' motion for summary judgment after finding that plaintiffs

1

had not established that they had standing to bring their claim that they were coerced by defendants into giving up rights under ERISA. Nothing in the record supported plaintiffs' allegations that they had suffered any harm or that they had any legally protected interest that had been invaded. In the same order, I held that defendants were entitled to an award of attorney fees in an amount to be determined and set a deadline for the submission of an itemized statement of the fees. On December 17, 2007, before the fee issue could be decided, plaintiffs filed a notice of appeal. Three days later, plaintiffs filed a motion pursuant to Fed. R. Civ. P. 54(b) for reconsideration of the November 16 order insofar as it awarded attorney fees to defendants.

Thinking that the court of appeals might decide not to entertain plaintiffs' appeal because it was filed before final judgment had been entered in this court and before plaintiffs filed their motion for reconsideration, I entered a stay of both motions on January 24, 2008, pending a resolution of plaintiffs' appeal. In retrospect, it might have been better to have treated plaintiffs' motion for reconsideration as the equivalent of a Rule 59(e) motion (which would have had the effect of extending the time and providing an opportunity for reconsidering the November 16 order). Because no judgment had been entered, such a motion would have been timely. E.g., Boyko v. Anderson, 1985 F.3d 672 (7th Cir. 1999); Brown v. United States, 976 F.2d 1104, 1110-11 (7th Cir. 1992). Instead, I entered a stay of the motion to reconsider as well as defendants' motion for attorney fees.

2

Ordinarily, the filing of a notice of appeal strips the district court of jurisdiction to take up any aspect of the merits of the case, but leaves it free to decide ancillary matters, such as attorney fees. In this instance, however, the November 16 order addressed the issue of attorney fees, leaving only the amount to be decided. Judicial economy is not served when two courts are dealing with the same issue at the same time. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Wisconsin Mutual Insurance Co. v. United States, 441 F.3d 502, 504-05 (7th Cir. 2006).

After checking the court of appeals' website recently, I learned that the court has set briefing on the appeal, which is evidence that the court believes that it has appellate jurisdiction. Sensible and proper as it might have been to have taken up the motion for reconsideration as soon as it was filed, the best option at this time seems to be to enter final judgment. I am persuaded now that the award of attorney fees was an error, but with briefing well under way in the court of appeals, it is too late to ask for a remand of the case to reconsider the issue. Moreover, the court of appeals has not addressed the specific question of the availability of fee awards to defendants sued by persons who do not qualify as participants, beneficiaries or fiduciaries of ERISA, so any ruling I would make on the issue would be speculative at best.

For what it is worth, however, in re-examining this case, I am persuaded that it was error to grant defendants' motion for an award in the November 16, 2007 order. In moving

3

for reconsideration, plaintiffs relied on this court's ruling in Bollig v. Christian Community Homes and Services, Inc., 2003 WL 23211142 (W.D. Wis. 2003). Like this case, Bollig was brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 and like this case, was dismissed on the ground that the plaintiffs lacked standing to sue under the Act. In Bollig, I held that the lack of subject matter jurisdiction meant that the court had no authority to award attorney fees. Although the defendants in Bollig raised Citizens for a Better Environment v. The Steel Co., 230 F.3d 923 (7th Cir. 2000), to support their motion for attorney fees, I concluded that Citizens did not apply. In fact, in that case, the court of appeals noted its agreement with the Court of Appeals for the Fifth Circuit in Cliburn v. Police Jury Association of Louisiana, Inc., 165 F.3d 315, 316 (1999), that attorney fees were not available to persons bringing ERISA suits that were denied for lack of standing.

It is true that in Citizens, the court of appeals held that a court has jurisdiction to award attorney fees even when it lacks jurisdiction to hear the suit itself. In Citizens, however, the question was whether the plaintiff group of citizens could be liable for fees under 42 U.S.C. § 11046(f), which is part of the Emergency Planning and Community Right-To-Know Act, 42 U.S.C. § 11001-50. Section 11046(f) allows a court to award costs of litigation to the prevailing party whenever the court deems such an award appropriate.

In Cliburn, the plaintiff sought the right to participate in a "governmental plan"; the

4

district court found that the plan was not covered by ERISA, dismissed the suit for lack of subject matter jurisdiction and awarded fees and costs to the non-ERISA defendant. In reversing the fee award, the court of appeals relied on two distinct provisions of § 1132(g). It noted first that the statute speaks of "any action under this subsection." (This is in contrast to the statute at issue in Citizens, § 11046(f), which refers to "any action brought pursuant to this section.") It held that once the district court had found that plaintiff had not succeeded in showing he had an ERISA action, it should not have awarded fees to the defendant because there was no action "under" ERISA. Second, the court referred to the statute's requirement that the action be brought by a "participant, beneficiary, or fiduciary" eligible to invoke § 1132(g), noting that it was inconsistent for the district court to find either of the parties before it fit within this definition, when it was clear that defendant was not a government plan covered by ERISA. Id. at 316.

It may be that the Court of Appeals for the Seventh Circuit placed significance on the difference between "*under* this subsection [ERISA]" and "*pursuant to* this section [Emergency Planning and Community Right-To-Know Act]" in approving the result reached in Cliburn but distinguishing that result from Citizens, although the difference between the two terms seems negligible. Possibly, the court's agreement with the outcome in Cliburn rests on the language in § 1132(g) making attorney fee awards available only in suits brought by participants, beneficiaries and fiduciaries. This would conform to its statement in Citizens

5

that the authority of a court or administrative agency to award attorney fees is one of "statutory meaning, not of power to adjudicate." Citizens, 230 F.3d at 928.

In dismissing plaintiffs' suit, I found that plaintiffs were neither "participants" in defendants' benefit plans nor "beneficiaries" of those plans. Because they are neither (and they are not fiduciaries), it appears that § 1132(g) does not apply to their suit. Illogical and unfair as it may seem to defendants, who have had to devote considerable resources to defending this ill-conceived litigation, the statute does not make them eligible for an award of fees.

With the award of attorney fees before it, the court of appeals will have an opportunity to clarify its holding in Citizens as it bears on suits under ERISA. If the result is that defendants *are* eligible for an award of attorney fees, as I held originally, the amount can be determined at that time.

ORDER

IT IS ORDERED that the motion of plaintiffs Jean McCarter, Dennis McCarter, Marjorie Czechowicz, Thomas W. Czechowicz, James J. Muck, Sherry Muck, Wayne C. Duddleston and Jean Duddleston for reconsideration of the November 16, 2007 order as it relates to attorney fees is DENIED. The clerk of court is directed to enter judgment for defendants Retirement Plan for the District Managers of the American Family Insurance

6

Group, Retirement Plan for Employees of American Family Insurance Group and American Fiduciaries of ERISA Family Mutual Insurance Group and close this case.

    Entered this 15th day of April, 2008.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge