UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEAN MCCARTER, DENNIS MCCARTER, MARJORIE CZECHOWICZ, THOMAS W. CZECHOWICZ, JAMES J. MUCK, SHERRY MUCK, WAYNE C. DUDDLESTON, and JEAN M. DUDDLESTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RETIREMENT PLAN FOR THE DISTRICT MANAGERS OF THE AMERICAN FAMILY INSURANCE GROUP, RETIREMENT PLAN FOR EMPLOYEES OF AMERICAN FAMILY INSURANCE GROUP, and AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | Case No.<br>3:07-cv-00206-bcc |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF ANDREW L. ORINGER

THORPE, COMPTON & CHRISTIAN, S.C.
Elizabeth Olson
1624 Hobbs Drive
Delavan, Wisconsin 53115

SIMMONSCOOPER LLC
707 Berkshire Blvd.
East Alton, Illinois 62024

HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES, LLP
Andrea Bierstein, *pro hac vice*
Thomas I. Sheridan, III, *pro hac vice*
112 Madison Avenue
New York, New York 10016-7416

*Attorneys for Plaintiffs*

November 3, 2008

# TABLE OF CONTENTS

*Page*

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................1

    I.      EXPERT OPINION IS APPROPRIATE IN A SPECIALIZED AREA OF THE LAW WHEN THE ISSUE IS NOT WHAT THE LAW IS BUT WHETHER PLAINTIFFS' CLAIMS WERE NON-FRIVOLOUS ............................................................................1

    II.     PLAINTIFFS' SUBMISSION OF THE ORINGER AFFIDAVIT IS NOT PROCEDURALLY IMPROPER ..........................................................................7

CONCLUSION ....................................................................................................................9

## INTRODUCTION

Plaintiffs respectfully submit this memorandum in opposition to Defendants' motion to strike the Affidavit of Andrew L. Oringer (the "Oringer Affidavit"), submitted in opposition to Defendants' application for attorney's fees. This Court should consider Mr. Oringer's affidavit because it will assist this Court in determining whether attorney's fees are appropriate in this case and because Defendants have not been unfairly prejudiced by its submission. As explained below, expert testimony of a lawyer on a legal issue is appropriate on the issue of whether Plaintiffs' position in a specialized and technical area of the law was non-frivolous. Defendants' procedural arguments also lack merit: Defendants themselves sought to re-open this Court's November 2007 ruling by requesting in their most recent submission that fees be imposed against counsel, even though this Court had previously declined to make such an award; Defendants also did not request additional time to respond to Mr. Oringer's affidavit, a request that Plaintiffs would surely have granted. Accordingly, this Court should deny the motion to strike the Oringer Affidavit and should consider that affidavit in determining whether to award attorney's fees to Defendants and the amount, if any, that should be awarded.

## ARGUMENT

### I. EXPERT OPINION IS APPROPRIATE IN A SPECIALIZED AREA OF THE LAW WHEN THE ISSUE IS NOT WHAT THE LAW IS BUT WHETHER PLAINTIFFS' CLAIMS WERE NON-FRIVOLOUS

Defendants' primary argument is that expert testimony on a legal issue is unnecessary and improper. Defendants are simply wrong. An expert affidavit from an attorney is appropriate where the subject matter is highly specialized, as is the case here. More significantly, expert opinion is appropriate because Plaintiffs do not seek to establish what the law is, but rather whether their position was consistent with the

views and practices of lawyers practicing in the field in order to establish that Plaintiffs' position in this case was non-frivolous.

Rule 702 of the Federal Rules of Evidence permits a court to consider the opinion of an expert with "scientific, technical, or other specialized knowledge" if it will "assist the trier of fact to understand the evidence or determine a fact in issue" and otherwise meets the requirements of reliability set forth in the rule. The Seventh Circuit has made clear that trial judges enjoy wide latitude and discretion when determining whether to admit expert testimony, and the district court's decision concerning admissibility of such testimony (provided it follows the *Daubert* methodology) will not be disturbed unless "manifestly erroneous." *Wintz v. Northrop Corporation*, 110 F.3d 508, 512 (7th Cir. 1997). *See also Bradley v. Brown*, 42 F.3d 434, 436-437 (7th Cir. 1994), *citing Cella v. United States*, 998 F.2d 418, 423 (7th Cir. 1993).

Although ordinary legal principles are generally not an appropriate subject for expert opinion, courts have recognized an exception for highly complex and technical areas of the law. *See Flores v. Arizona*, 516 F.3d 1140, 1166 (9th Cir. 2008) (expert opinion on the law may be appropriate in "rare, highly complex and technical matters"); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 101 (1st Cir. 1997) (same); *Oxford Gene Technology v. Mergen, Ltd.*, 345 F.Supp.2d 431, 443 (D. Del. 2004) (legal expert opinion proper in patent case). Arcane issues of interpreting the Employee Retirement Income Security Act of 1974 ("ERISA"), and the rules and regulations promulgated thereunder, may be considered rare, complex, and technical, and the opinion of an expert practitioner may be helpful to the court, especially because this is not a jury trial, where the opinion of an expert on the law may invade the province of the judge and confuse the jury as to the appropriate source of legal instruction.

Plaintiffs do not offer the Oringer Affidavit on the subject of what ERISA and its regulations mean (and, significantly, did not offer it when that issue was before the Court). Rather, Plaintiffs offer Mr. Oringer's opinions on the issue of whether Plaintiffs'

2

claims were non-frivolous because they were consistent with the opinions and practices of lawyers who practice in this highly-specialized area. Expert opinion, even expert legal opinion, is admissible on the issue of the customs and practice of an industry, even including the practice of law. *Music Sales Corp. v. Morris,* 73 F.Supp.2d 364, 381 (S.D.N.Y. 1999) ("[t]he testimony of a legal expert is admissible as to the ordinary practices of those engaged in the business of law, legal studies, or law-related fields, or as to trade customs and usages of those so employed"). *See also First Nat. State Bank of New Jersey v. Reliance Electric Company*, 668 F.2d 725, 731 (3d Cir. 1981) (testimony of legal scholar who was "foremost expert on Uniform Commercial Code" was appropriate to on issue of bank customs and usage); *Cvicker v. Meyer*, 2008 WL 927574 (E.D.Wis. 2008) (opinion including discussion of Wisconsin state statutes was proper; witness was not purporting to determine the legal issues in the case, but rather was "offering his opinion that [plaintiff's] conduct was inconsistent with established police protocols, including those found in the Wisconsin statutes"); *In re Ocean Bank*, 481 F.Supp.2d 892 (N.D. Ill. 2007) (although the portions of legal expert's opinion concerning whether bank complied with the law were inadmissible, portions addressing banking industry standards were admissible); *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, 343 F.Supp.2d 989, 1017 (D. Kan. 2004) (attorney who has consulted in insurance matters for over 18 years was qualified to express opinions relating to insurance industry standards and practices, and whether the defendant's conduct conformed to such standards); *ProtoComm Corp. v. Novell Advanced Services, Inc.*, 171 F.Supp.2d 473 (E.D. Pa. 2001) (attorney with more than 34 years of experience in handling corporate acquisitions was permitted to testify and characterize complex business transactions and fraudulent consequences because of his "special knowledge" in those areas); *Habern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement*, 812 F.Supp. 1376 (E.D.Pa. 1992) (differentiating case where issue is whether defendants acted reasonably,

in which expert legal opinion would be admissible, from case where issue is whether practice actually violated ERISA, in which it was not).

This is especially true where the propriety of an attorney's conduct is at issue. "There can be no doubt that the opinion of a legal expert is admissible on the question of whether a lawyer has behaved appropriately in handling a case. Expert testimony by lawyers is permitted in claims of legal malpractice and breach of fiduciary duty." *Floyd v. Hefner*, 556 F.Supp.2d 617, 643 (S.D. Tex. 2008). *Accord Middle Market Financial Corp. v. D'Orazio*, 2002 WL 31108260, *8 (S.D.N.Y. 2002) ("in a legal malpractice action an expert should be permitted to testify to the substantive law applicable to the underlying proceeding, at least to the extent necessary to explain the expert's conclusion that the defendant did or did not exercise the appropriate standard of care"); *Knisley v. U.S.*, 817 F.Supp. 680 (S.D. Ohio 1993) (in legal malpractice action, expert legal opinion was admissible; "[e]ven judges, who are 'presumed' to know the law, could frequently find help in expert legal opinion," and bench trial setting removed concerns about interference with judge-jury relationship).

Indeed, this Court has admitted expert legal testimony in precisely this situation. In *Talmage v. Harris*, 354 F.Supp.2d 860 (W.D. Wis. 2005), plaintiff sued his former attorney for malpractice claiming that the lawyer had mishandled a bad faith claim against the plaintiff's fire insurer. Plaintiff proffered two expert witnesses to testify on his behalf, one of whom, Russell Bohach, was an attorney with over twenty years experience in the area of insurance claims and the law of bad faith in Wisconsin. Defendants moved to exclude both experts. This Court denied both motions and held that presentation of an expert is permitted if the witness testifying is qualified and the

testimony will help the trier of fact to understand the evidence or determine a fact at issue. *Id.* at 865.[1]

Here, Defendants do not question or complain of Mr. Oringer's qualifications to testify as an expert in any manner whatsoever, nor could they. Even a cursory review of Paragraph 1 of Mr. Oringer's Affidavit would quickly dispel any doubt about his qualifications. Mr. Oringer has practiced exclusively in the areas of employee benefits and executive compensation at major law firms located in New York City for more than twenty years. Furthermore, he counsels clients regarding their employee benefit plans and programs, benefits related tax matters and fiduciary issues arising in connection with the investment of employee benefit plan assets. He is co-chair of the Employee Benefits Committee of the Tax Section of the New York State Bar Association (and on that Section's executive committee) and chair of the Fiduciary Responsibility/Plan Investment Subcommittee of the Employee Benefits Committee of the American Bar Association Section of Taxation. He is also an adjunct professor of law at Hofstra University School of Law, on the advisory board of the BNA Pension and Benefits

---

[1] Defendants rely on *U.S. v. Jungles*, 903 F.2d 468, 477 (7th Cir. 1990) and *Cvicker v. Meyer*, 2008 WL 927574, *10 (E.D. Wis. 2008), but those cases are not to the contrary. In *Jungles*, the Seventh Circuit held only that an expert legal opinion was properly excluded "[t]o the extent the expert would have simply recited legal principles surrounding the 'independent contractor' relationship . . . ." 903 F.2d at 477. The court had no occasion to consider, and certainly did not reject, the use of expert legal opinion on the issue of standards of practice or in a specialized area of the law. In *Cvicker*, as noted above, the court found expert testimony concerning Wisconsin police protocols, including those found in statutes, was entirely proper because the witness's opinion was offered to show that the plaintiff's conduct was inconsistent with recognized norms, not to provide an in-depth legal analysis of the statute. 2008 WL 927574, *10. Indeed, *Cvicker* supports Plaintiffs' position here, not Defendants', and provides no basis to strike the Oringer Affidavit.

Reporter (a leading advance sheet) and is published and quoted in the press with some frequency.

Nor does the Oringer Affidavit purport to tell the Court what the law is or otherwise contain improper legal opinion. Indeed, Mr. Oringer specifically opines that the question whether the choice offered to participants in the employee benefit plans at issue in this case runs afoul of ERISA "is a close and difficult question without an obvious answer." Oringer Aff. ¶ 10. The core of Mr. Oringer's opinion is that "while the lawyers who brought this case may not have had a case in point on which to rely, the substantive theory of their case was, at a minimum, within the range of reason" and that because "the positions underlying Plaintiffs' arguments in my view are consistent with a solid and (from the perspective of the plan sponsor) conservative interpretation of the Code, ERISA, and the applicable regulations … I would view the Plaintiffs' substantive arguments as being good-faith arguments which clearly are not frivolous." *Id.* at ¶ 11. Thus, based on his many years of experience as an ERISA practitioner, Mr. Oringer offers an opinion about the standards and practices of ERISA lawyers, in the context of which Plaintiffs' theories were not frivolous. This is not improper opinion on what the law is, but rather entirely proper opinion on the understandings and practices of ERISA lawyers, an entirely different question and one for which expert opinion is entirely proper, particularly in a situation like the present case, where there was no prior case law.[2]

Finally, Plaintiffs note that the Oringer Affidavit is not only proper, but likely to assist the Court. Mr. Oringer has specialized knowledge about how ERISA lawyers

---

[2] That Mr. Oringer offers an opinion on the ultimate issue to be decided by this Court – whether Plaintiffs' claims were non-frivolous – provides no basis to exclude his affidavit. Rule 704 of the Federal Rules of Evidence specifically provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

advise their clients concerning plans like the employee benefit plans at issue here and what issues they ordinarily take into account in drafting such plans. This specialized knowledge is unavailable to lawyers or judges through the traditional avenues of legal research, but can only be acquired through years of specialized practice. It is precisely this kind of information that can assist the court in determining whether Plaintiffs' claims were non-frivolous and, accordingly, the Oringer Affidavit should not be struck. *See Knisley*, 817 F.Supp. at 690 (where experienced counsel would be expected to know information that cannot be found in any law book, expert opinion may be helpful in legal malpractice case).

## II. PLAINTIFFS' SUBMISSION OF THE ORINGER AFFIDAVIT IS NOT PROCEDURALLY IMPROPER

Defendants also offer two procedural arguments why the Oringer Affidavit should be struck. Neither has merit. First, they claim that Plaintiffs are improperly seeking to re-argue this Court's previous decision to award attorneys' fees. On the contrary, it was *Defendants* who re-opened the Court's previous ruling by asking the Court to award fees against counsel as well as against the Plaintiffs. Defendants asked the Court to award attorney's fees against Plaintiffs' counsel in their Brief in Further Support of Their Motion for Summary Judgment and in Response to Plaintiffs' Motion for Summary Judgment, dated October 29, 2007, at p. 26. In its Opinion and Order entered November 19, 2007, the Court awarded attorney's fees and costs against the Plaintiffs but not against counsel. Nonetheless, in submitting their updated fee application, Defendants once again asked the Court to do what the Court had previously declined to do. Having themselves re-opened the Court's previous order, Defendants should not now be heard to argue that Plaintiffs are improperly rearguing the November 2007 decision. Furthermore, Plaintiffs submit that it is entirely appropriate for this Court to reconsider its original decision awarding attorney's fees

against Plaintiffs in light of the fact that the Seventh Circuit modified this Court's decision on the merits.

Second, Defendants argue that Plaintiffs' failure to inform them in advance that an expert affidavit would be submitted shows a lack of "comity," in light of the short period of time allotted to Defendants to submit their reply papers. This argument is puzzling, for Defendants never asked Plaintiffs for additional time to submit their reply. Prior dealings between the parties, however, should have told them that Plaintiffs have always extended appropriate courtesies and that reasonable requests for additional time have never been refused. This was especially likely to be the case here because the original briefing schedule had been the product of an agreement among counsel, and, after Plaintiffs received Defendants' submission, Plaintiffs asked for, and Defendants consented to an extension. Had Defendants asked for additional time to respond to Mr. Oringer's affidavit, Plaintiffs would have agreed. It appears that Defendants would rather complain about having insufficient time to respond to Plaintiffs' papers than be given the time to respond.

Neither of these procedural arguments provides any basis for this Court to strike proper expert opinion evidence that may assist the Court in determining whether to award attorneys' fees to the Defendants.

## CONCLUSION

For the foregoing reasons the Court should deny Defendants' motion to strike the Oringer Affidavit.

Dated: November 3, 2008

Respectfully submitted,

/s/ Thomas I. Sheridan, III
Thomas I. Sheridan, III, *pro hac vice*
Andrea Bierstein, *pro hac vice*
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, New York 10016-7416
Phone: (212) 784-6400
Fax: (212) 784-6420
tsheridan@hanlyconroy.com
abierstein@hanlyconroy.com

SIMMONSCOOPER LLC
707 Berkshire Blvd.
East Alton, Illinois 62024
Phone: (618) 259-2222
Fax: (618) 259-2251

THORPE, COMPTON & CHRISTIAN, S.C.
Elizabeth R. Olson
1624 Hobbs Dr.
Delavan, WI 53115
Phone: 262-740-1971
Fax: 262-740-1090
eolson@tcclaw.com

*Attorneys for Plaintiffs*