IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEAN McCARTER, DENNIS McCARTER,
MARJORIE CZECHOWICZ, THOMAS W.
CZECHOWICZ, JAMES J. MUCK, SHERRY
MUCK, WAYNE C. DUDDLESTON, and
JEAN DUDDLESTON, on behalf of themselves
and all others similarly situated,

        OPINION AND ORDER

        Plaintiffs,

        07-cv-206-bbc

    v.

RETIREMENT PLAN FOR THE DISTRICT
MANAGERS OF THE AMERICAN FAMILY
INSURANCE GROUP, RETIREMENT PLAN
FOR EMPLOYEES OF AMERICAN FAMILY
INSURANCE GROUP and AMERICAN
FAMILY MUTUAL INSURANCE GROUP,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This civil action for declaratory, injunctive and monetary relief was brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. Plaintiffs Jean McCarter, Dennis McCarter, Marjorie Czechowicz, Thomas W. Czechowicz, James J. Muck, Sherry Muck, Wayne C. Duddleston and Jean Duddleston alleged on their own and on behalf of a class of others similarly situated that defendants Retirement Plan for the

1

District Managers of the American Family Insurance Group, Retirement Plan for Employees of American Family Insurance Group and American Family Mutual Insurance Group that defendants had violated ERISA by giving employees leaving employment before retirement only 90 days in which to decide whether to take the amount of their pensions in a lump sum distribution or in an annuity payable when they reach retirement age.

I dismissed the suit for lack of standing, reasoning that because plaintiffs were unwilling to return the lump sum cash distributions they had chosen and were not alleging that they had been harmed financially by their choice, they had not shown any actual injury and without an actual injury, they had no actual controversy. For the sake of completeness, I discussed the merits of plaintiffs' claims and found them wanting. On appeal, the Court of Appeals for the Seventh Circuit disagreed with the analysis of standing, concluding that it did exist because one could postulate an injury: the participants' monthly income at retirement age is diminished if participants do not have adequate time to make their decisions, choose to take the cash and then waste it and that injury is traceable to the plans' terms and can be redressed in plaintiffs' favor. McCarter v. Retirement Plan for the District Managers of the American Family Insurance Group, 540 F.3d 649 (7th Cir. 2008). However, the court of appeals agreed that the case had no legal merit.

The court of appeals rejected plaintiffs' contention that 26 C.F.R. § 1.411(a)-11(c)(2)(i) was a substantive regulation of pensions, prohibiting employers from establishing

2

pension plans that impose a significant detriment on participants who decline the opportunity for cash distributions. The court found that the regulation in question was a tax regulation whose only role was to define the terms on which pension plans qualify for favorable tax consequences. Moreover, the court held, even if the regulation established substantive requirements, it would not entitle plaintiffs to relief because nothing in the regulation suggested that the drafters had considered the lack of a right to defer receipt of cash a significant detriment. To the contrary, subsection (c)(2)(i) provided that one of the conditions of a qualified plan was that it inform participants of "the right, if any, to defer receipt of the distribution." It would make no sense to impose this requirement if the lack of such a right were a significant detriment that would disqualify the plan for favorable tax treatment. Id. at 652.

The court of appeals pointed out that defendants had *added* the lump-sum distribution option in 1997. In doing so, they had bestowed a benefit, rather than creating a detriment. Having to make a choice between two payment choices did not deprive plaintiffs of anything to which they would have been entitled before 1997.

While the case was still before this court, I was convinced that defendants were entitled to attorney fees. 29 U.S.C. § 1132(g) allows the court to award reasonable attorney fees and costs to either side in any action brought under § 1132. The court of appeals has held that the district courts should refrain from awarding fees to successful defendants "if

the plaintiff's position was both 'substantially justified'— meaning something more than non-frivolous, but something less than meritorious—and taken in good faith, or if special circumstances make an award unjust." Herman v. Central States, S.E. and N.W. Areas Pension Fund, 423 F.3d 684, 695-696 (7th Cir. 2005). I viewed plaintiff's suit as unjustified and frivolous.

Before I could determine the amount of fees and costs to be awarded, plaintiffs took an appeal from the judgment dismissing their case and finding that defendants were entitled to fees. The court of appeals never reached the issue of fees because it applied the holding in White v. New Hampshire Department of Employment Security, 455 U.S. 445 (1982), that decisions on the merits of a suit and decisions about attorney fees are to be treated as separate final decisions, each of which requires a notice of appeal. McCarter, 540 F.3d 649. This approach by the court of appeals was a change from its previous practice, which was to review district court decisions to award fees even if the amount had not been determined. The court had been doing this on the premise that "pendent appellate jurisdiction" gave it this power. Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820 (7th Cir. 1984). In 1995, however, the Supreme Court decided in Swint v. Chambers County Commission, 514 U.S. 35, 43-51, that the idea of "pendent appellate jurisdiction" was not recognized in the Federal Rules of Appellate Procedure and that it was incompatible with 28 U.S.C. § 1291. If the appellate courts believed it necessary to provide for special situations, they were required to

4

do so through the rulemaking procedure. Despite the issuance of this decision, the Court of Appeals for the Seventh Circuit continued to rely on "pendent appellate jurisdiction" from time to time. E.g., Lorillard Tobacco Co. v. A & E Oil, Inc., 503 F.3d 588 (7th Cir. 2007); Kokomo Tube Co. v. Dayton Equipment Services Co., 123 F.3d 616, 620-21 (7th Cir. 1997). In compliance with Swint, the court of appeals announced that in McCarter and in all future cases, any party seeking appeal of an award of costs and fees must wait to appeal until the decision is final, that is, after the amount of the award has been set by the court, and must file a notice of appeal separate from and in addition to the notice of appeal of the decision on the merits. McCarter, 540 F.3d at 654.

The case is now back before this court on the questions of the propriety of a fee award to defendants and the amount of any such award. In September 2008, defendants filed a revised statement of fees and costs, dkt. #90, and the declaration of Kendall Harrison in support of the statement. Dkt. #92. Plaintiffs filed a memorandum in opposition to an award of fees in any amount, dkt. #96, together with an affidavit by one Andrew L. Oringer, in which he listed his credentials for taking a position on the merits of the issues raised by plaintiffs and then set out why he believed that the issue raised by plaintiffs was not frivolous. Dkt. #97. Defendants moved to strike the affidavit, dkt. #100, on two grounds: Oringer was trying to give expert testimony on legal issues, which is inappropriate, and plaintiffs had never sought or received permission from the court to present any expert

5

witness on the merits of their challenge to defendants' pension plan.

Defendants' motion to strike will be granted; the expert affidavit is of little help to the question before the court. I understand that plaintiffs think that Oringer's views show that it was reasonable for them to bring this suit. However, the only law he cites is law that plaintiffs brought to the court's attention during the summary judgment briefing. It is no more persuasive now than it was then.

The question remains whether plaintiffs were substantially justified in bringing it. In the context of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), the "Supreme Court has defined this standard [of substantial justification] as a 'genuine dispute' that is 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.' Pierce v. Underwood, 487 U.S. 552, 565 (1988)." Little v. Cox's Supermarkets, 71 F.3d 637, 644 (7th Cir. 1995). Being wrong about a cause of action is not the same as having no good faith reason to pursue it. In this case, however, I continue to believe that plaintiffs fall into the second category. Their argument proceeded on the premise that the *addition* of a benefit choice was a detriment to them and that allowing an employer to insist that its departing employees decide within 90 days whether to take a lump sum or annuity benefits violates ERISA even if it reduces adverse selection, which is costly to the plan and other participants. Plaintiffs had a theory but I cannot say that it was based on any case law, statute, regulation or even logic.

6

Although I am convinced that plaintiffs were not substantially justified in bringing this suit and prepared to award attorney fees and costs, the amount of the award remains to be determined. I will give plaintiffs an opportunity to contest the itemized fees and costs sought by defendants and to argue whether special circumstances would make an award of the full amount of the fees and costs unjust.

ORDER

IT IS ORDERED that the motion of defendants Retirement Plan for the District Managers of the American Family Insurance Group, Retirement Plan for Employees of American Family Insurance group and American Family Mutual Insurance Group to strike the affidavit of Andrew Oringer is GRANTED. FURTHER, IT IS ORDERED that defendants' motion for an award of attorney fees and costs is CONFIRMED. An evidentiary hearing will be held at 9:00 a.m. on Friday, March 20, 2009, to determine the final amount of attorney fees and costs to be awarded. If either side wishes to file written submissions,

7

it should do so no later than noon on March 13, 2009.

Entered this 4th day of February, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8